IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EDWARD and VALERIE TABLER, <br>           Plaintiffs, <br><br> v. <br><br> LITTON LOAN SERVICING, LP, et al, <br>           Defendants. | Civil Number 3:09-CV-146 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings (Doc. Nos. 7, 15, and 23), as well as Plaintiffs' Oral Motion to Amend the Complaint. For the reasons below, this Court GRANTS Defendants' Motions, and DENIES Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs Edward and Valerie Tabler are the owners of a home located at 14319 Jefferies Place in Midlothian, Virginia. In 2006, an employee of Tidewater Mortgage Services, Inc. ("Tidewater Mortgage" or "Tidewater") contacted the couple about refinancing the mortgage on their home. Subsequently, Plaintiffs entered into a Brokerage Agreement with Tidewater, whereby Tidewater agreed to serve as their agent and "provide them with mortgage brokerage services in connection with their" loan, and "assist them in obtaining a good mortgage loan at a low interest rate." (Am. Compl. ¶¶ 23–25.) Pursuant to the parties' agreement, the Tablers applied for a "federally related mortgage" loan, as that phrase is defined by the Real Estate Settlement Procedures Act. The Brokerage Agreement stated Tidewater's compensation was to be paid by the lender's yield spread premium, in an amount not to exceed four percent of the loan.

Tidewater subsequently placed the Tabler's mortgage with Fremont Reorganizing Corporation f/k/a Fremont Investment and Loan ("Fremont Investment" or "Fremont").

On September 20, 2006, the Tablers closed on a $349,200.00 adjustable rate mortgage loan from Fremont Investment. In connection with the loan's closing, the Tabler's signed a HUD-1 Settlement Statement that identified a yield spread premium paid by Fremont to Tidewater in the amount of $5,238.00. This amount was paid outside of closing. Plaintiffs contend this yield spread premium is an impermissible kickback and caused them to pay increased settlement costs and a higher interest rate. Specifically, Plaintiffs contend they were charged "a higher interest rate than Fremont had originally approved for them as away [sic] of providing the funds to pay the kickback to Tidewater." (Am. Compl. ¶¶ 31—33.) The entitled matter ensued.

On March 13, 2009, Plaintiffs filed a seven-count Complaint. Counts I and II allege Fremont, Tidewater, and Litton Loan Servicing, LP ("Litton Loan")[1] violated the Real Estate Settlement Procedures Act ("RESPA"), Count III alleges Tidewater breached its fiduciary duty "to act primarily for [Plaintiffs'] benefit . . . and not to make a personal profit . . . at the expense of its principal Mr. and Mrs. Tabler," Count IV seeks restitution from Fremont for unjust enrichment, Counts V and VI seek damages from Fremont and Tidewater for fraud by concealment, and Count VII alleges Fremont and Litton Loan violated the Truth in Lending Act. (Am. Compl. ¶¶ 1–92.) Defendants Fremont and Tidewater now move this Court to dismiss Counts I through VII, pursuant to Federal

---

[1]  Though listed as a party to this matter, Plaintiffs' factual assertions against Litton Loan are scant. However, Plaintiffs contend Litton Loan is an appropriate defendant because "Litton Loan Servicing is the successor in interest in subprime mortgages to Fremont Investment & Loan and the holder of the loan note on the home of Mr. and Mrs. Tabler." (Am. Compl. ¶ 7.) Defendant, however, disagrees and asserts that it is not now, nor has it ever been, an assignee of the loan. (Litton Loan's Mot. J. on Pleadings 1 n.1.)

2

Rule of Civil Procedure 12(b)(6), and Litton Loan joins in the defendants' arguments as to Counts II and VII in requesting this Court dismiss the case on the pleadings. Plaintiff instead requests this Court grant them leave to amend, rather than dismiss the case, if the Court deems dismissal would otherwise be appropriate.

## II. ANALYSIS

Motions for judgment on the pleadings and motions to dismiss for failure to state a claim are evaluated under the Rule (12)(b)(6) standard. Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Thus, in resolving a motion pursuant to Rule 12(b)(6), a court must regard all factual allegations in the complaint as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), as well as any facts that could be proved consistent with those allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief, and therefore, the issue can be decided as a matter of law. Zeran v. America Online, Inc., 129 F.3d 327, 329 (4th Cir. 1997). However, since the complaint must give the defendant fair notice of the claim and the grounds upon which it rests, the plaintiff must allege facts which show the claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1966 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (May 19, 2009) (quotations and citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. Id. Based upon these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. Id. Legal conclusions couched as factual allegations are not sufficient, Twombly, 127 S. Ct. at 1964, nor are "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege—directly or indirectly—each element of a "viable legal theory." Twombly, 127 S. Ct. at 1969 n.8.

In its determination, a court may not consider documents outside the complaint, except for "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed." Witthohn v. Federal Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006). If, however, additional matters are presented to the Court and not excluded, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). In the present matter, this Court has not considered any evidence outside of the complaint proffered by the plaintiffs or defendants; accordingly, the Court declines to convert the Motion to one for summary judgment.

### A.  Plaintiffs' RESPA Claims are Time-Barred

Counts I and II of Plaintiffs' Complaint allege Fremont Investment, Tidewater Mortgage, and Litton Loan violated RESPA, 12 U.S.C. § 2607 and 24 C.F.R. § 3500.14. Specifically, Plaintiffs allege Fremont and Tidewater violated RESPA "by giving or paying fees, kickbacks or other things of value . . . . and giving or accepting a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a . . . federally related mortgage loan." (Am. Compl. ¶¶ 40–42, 44.)  Accordingly, Plaintiffs contend the charges for "settlement services" paid to Fremont and Tidewater on September 29, 2006, in connection with their loan's closing, was an "unlawful kickback."  (Id.)  Further, Plaintiffs allege Litton violated RESPA "by failing to provide [Plaintiffs with] their loan documents under a Qualified Written Request within 60 days."  (Am. Compl ¶ 46.)  However, despite the allegations, Plaintiffs' RESPA claims must fail as they are barred by the statute of limitations.

Defendants correctly note that claims under 12 U.S.C. § 2607 must be brought within one year of the violation's occurence.  See 12 U.S.C. § 2614 (stating claims brought under section 2607 are bound by a one-year statute of limitations period running from "the date of the occurrence of the violation").  As Plaintiffs allege an unlawful payment on September 29, 2006, and did not file the entitled matter until March 13, 2009, Plaintiffs' claims are time-barred.  Accordingly, Counts I and II are DISMISSED.

### B.  Plaintiffs' Breach of Fiduciary Duty Claim is Time-Barred

Count III of Plaintiffs' Complaint alleges Tidewater Mortgage breached its fiduciary duty to act primarily for the Plaintiffs' benefit, "to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of its

5

principal[s,] Mr. and Mrs. Tabler." (Am. Compl. ¶ 52.) Plaintiffs further contend Tidewater breached its duty by "obtaining a mortgage loan for [the Plaintiffs] that had unfavorable terms, and by accepting the [yield service premium] from Fremont as a kickback." (Am. Compl. ¶ 54.) Plaintiff's claim of breach of fiduciary duty is governed by Virginia law. See Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1999) ( noting that "where a cause of action arises in tort, Virginia applies the law of the state where the tortious conduct or injury occurred"). Accordingly, a two-year statute of limitations applies, and accrues at the time of the alleged injury, not the date of discovery. See Va. Code § 8.01–248 (stating personal actions that do not otherwise state a time limit are subject to a two-year statute of limitations); see also Professionals I, Inc. v. Pathak, 47 Va. Cir. 476, 480–81 (Va. Cir. Ct. 1998) (noting that in Virginia, a cause of action for breach of fiduciary duty accrues on the date of the breach). Thus, the relevant time period for purposes of Plaintiffs' breach of fiduciary duty claim is the date the alleged injury occurred, September 29, 2006. As Plaintiffs have filed the enumerated claim on March 13, 2009, outside the two-year statutory time period, Plaintiffs' claim for breach of fiduciary duty is DISMISSED as time-barred.

### C. Plaintiffs Fail to Satisfactorily Plead a Claim for Unjust Enrichment

Count IV of Plaintiffs' Complaint alleges Fremont "has been unjustly enriched and cannot in good conscience keep that portion of the monthly payment it collects from Mr. and Mrs. Tabler attributable to the artificial, inflated component of Mr. and Mrs. Tabler's loan contract." (Am. Compl. ¶¶ 58—59.) Though Plaintiffs' claim is based on unjust enrichment, a quasi-contract theory, the claim itself acknowledges the existence of an express contract governing the parties' relationship. (Id.) Accordingly, as Plaintiffs

6

cannot recover under a quasi-contract theory when an express or implied contract already governs the parties's relationship, Plaintiffs' claim for unjust enrichment must be DISMISSED. See Acorn Structures, Inc. v. Swantz, 846 F.2d 923, 926 (4th Cir. 1988) (stating "an action for unjust enrichment is quasi-contractual in nature and may not be brought in the face of an express contract").

### D. Plaintiffs' Fraudulent Concealment Claims are Time-Barred and Fail to State a Claim

Counts V and VI allege Fremont and Tidewater fraudulently concealed the fact that Fremont was paying Tidewater to "steer Mr. and Mrs. Tabler to Fremont for a mortgage loan," and the "money for this payment came from the Tablers being charged a higher interest rate than" originally approved. (Am. Compl. ¶¶ 61—62, 71.) Moreover, Plaintiffs contend Fremont and Tidewater's actions of "deliberately committing fraud by concealment authorizes the imposition of punitive damages . . . in that they show willful misconduct, malice, fraud, wantonness, oppression, or . . . want of care which would raise the presumption of a conscious indifference to consequences." (Am. Comp. ¶¶ 71, 84.) Similar to Plaintiffs' breach of fiduciary duty claim, Virginia applies a two-year statute of limitation for fraudulent concealment claims. Va. Code § 8.01–230(A). Accordingly, this claim accrues when the alleged fraud is discovered or when, "by the exercise of due diligence[,] reasonably should have been discovered." Va. Code § 8.01–249.

Here, the consummation of the alleged fraud occurred on September 29, 2006, when the plaintiffs closed on their loan. After closing, Fremont Investment paid Tidewater Mortgage a yield spread premium in the amount of $5,238.00, an amount disclosed on the HUD-1 Statement. Nevertheless, Plaintiffs contend they did not receive

the HUD-1 Statement at closing, but some time "after the closing." (Am. Compl. ¶¶ 30—31.) However, Plaintiffs could have discovered Fremont's payment to Tidewater by the exercise of due diligence on September 29, 2006, the date of the closing, or shortly thereafter. See Schmidt v. Household Finance Corp., 276 Va. 108, 113, 118–19 (2008) (concluding that plaintiff failed to carry his burden to prove he filed his fraud claim within two years of his loan's closing, where the exercise of due diligence and a follow-up inquiry could have uncovered that his interest rate and closing costs were higher than he originally believed). Hence, similar to Schmidt, Plaintiffs' fraudulent concealment claim, filed almost two and a half years after Plaintiffs closed on their loan, is time-barred where the settlement payment was disclosed on the HUD-1 and could have been timely discovered with due diligence. Therefore, Defendants' Motions to Dismiss Counts V and VI are GRANTED.

Further, this Court notes that Plaintiffs' conclusory allegations and vague pleadings fail to meet the heightened pleading requirements for fraud claims. See Fed. R. Civ. P. 9(b) (requiring fraud claims to be pled with heightened specificity); see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (noting that under Rule 9(b), the factors of a fraud claim that must be pled with particularity are "the time, place, and contents of the false representations, as well as the identity of the persons making the misrepresentation and what he obtained thereby"). Merely alleging Defendants "intentionally suppressed and concealed" a kickback, and stating the Tablers were charged a higher interest rate than they qualified for, is not sufficient. Moreover, Plaintiffs' Complaint is devoid of any particularities as to the individuals allegedly involved in this "kickback" scheme, the contents of the false representation that Plaintiffs

relied upon, and any specifics regarding the alleged damage sustained. Accordingly, these counts must be DISMISSED.

### E. Plaintiffs' TILA Claims Fail to State a Claim for Relief

Count VII of Plaintiffs' Complaint alleges Fremont Investment and Litton Loan violated the Truth in Lending Act ("TILA"), and seeks recovery of statutory damages in the amount of $2,000, pursuant to 15 U.S.C. § 1635(a), as well as full loan rescission and costs, in accordance with 15 U.S.C. § 1640(a)(2). (Am. Compl. ¶¶ 86–96.) Specifically, Plaintiffs contend Defendants failed to provide Plaintiffs with two copies each of the Notice of Right to Cancel, as required by 12 C.F.R. § 226.23(b)(1), and all other material under TILA and Regulation Z. (Compl. ¶¶ 93, 95.) Defendants, however, move this Court to dismiss Plaintiffs' TILA claim as monetary damages under TILA are subject to a one-year statute of limitations, and further because Plaintiff has not demonstrated an intent or ability to comply with their rescission obligations.

Defendants are correct in noting that Plaintiffs' claim for statutory damages is subject to a one-year statute of limitations. See 15 U.S.C. § 1640(e) (stating that actions to collect statutory damages "under this section may be brought . . . within one year from the date of the occurrence of the violation"). As Plaintiffs' claim for statutory damages under TILA was brought over one year after the alleged occurrence of the violation, Plaintiffs' claim for damages must be DISMISSED.

Further, Defendant asserts Plaintiffs' TILA rescission claim should also be dismissed as Plaintiffs do not demonstrate an intent or ability to comply with their rescission obligations. TILA establishes a framework by which a loan may be rescinded; under this framework, the borrower must return to the lender the loan proceeds, less any

payments that had been made. 15 U.S.C. § 1635(b). The court may modify this process where appropriate, including where a borrower does not evidence the ability or intent to comply with their rescission obligations. See id.; see also Powers v. Sims & Levin, 542 F.2d 1216, 1221 (4th Cir. 1976) (noting that a court may "circumscribe the right of rescission to avoid the perpetration of stark inequity" such as "when it is known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender"). Here, the Court finds such a situation. Though Plaintiffs have submitted a Complaint outlining numerous claims, they have not stated their intent, either orally or in briefing[2], to abide by their rescission obligations, and therefore this Court declines to permit this claim to proceed without any assurance of Plaintiffs' willingness or ability to pay. Accordingly, Count VII is DISMISSED as to all parties on both the statutory damages and rescission claim.

### F. Plaintiffs' Oral Motion for Leave to Amend

Though Plaintiffs have chosen not to file a response to any of Defendants' Motions, Plaintiffs have requested this Court—during the Motions' hearing—for leave to amend their Amended Complaint and plead additional facts supporting their claim for fraudulent concealment. Namely, Plaintiffs request leave to supplement their Complaint with information showing Plaintiffs' efforts to obtain the HUD-1 statement from their closing, and contact Defendants regarding their "settlement statement." (Mots.' Hr'g, July 21, 2009.) Plaintiffs contend this additional information will help toll the statute of limitations for the fraudulent concealment claim. (Id.) As this Court has determined the fraud claim is time-barred, and should further be dismissed for failing to meet the

---

[2] Plaintiffs have, in fact, not filed a response to any of Defendants' Motions.

heightened pleading requirement, Plaintiffs' requested modifications would be futile, and therefore Plaintiffs' Motion is DENIED. Further, while leave to amend is not generally denied on the basis of delay alone, Plaintiffs' nearly two month delay in requesting leave, and conscious decision not to respond to any of Defendants' Motions, further supports this Court's determination that leave is not warranted.

### III. CONCLUSION

For the reasons above, this Court GRANTS Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings, and DENIES Plaintiffs' Oral Motion for Leave to Amend. Plaintiffs' Complaint is therefore DISMISSED IN ITS ENTIRETY.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

Entered this __12th__ day of August 2009.